IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18CR052 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL P. JOHNSON, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, Henry F. DeBaggis and Aaron P. Howell, Assistant United States Attorneys, and respectfully submits the within Government's Sentencing Memorandum.

**I.      THE OFFENSE CONDUCT**

On January 2, 2018, Akron Police Department (APD) officers assigned to the Street Narcotics Uniform Detail (S.N.U.D.) Unit working with U.S. Violent Fugitive Task Force officers were attempting to locate Defendant Michael P. Johnson because he had felony warrants for his arrest. Before attempting to locate Johnson, APD S.N.U.D. officers were briefed and advised that Johnson carried two guns with him at all times and that he wanted to kill three cops.

During coordinated surveillance, APD S.N.U.D. officers spotted Johnson traveling in the back seat of a red Chevy Blazer. Officers traveling in two marked APD S.N.U.D. cruisers activated their lights and sirens and pulled the Chevy Blazer over. As soon as the Chevy Blazer

stopped, Johnson exited the vehicle from the rear driver's side passenger seat with a gun in his hand and began firing at the APD S.N.U.D. officers. The police officers returned fire, then Johnson fled on foot to a Circle K convenience store where he attempted to carjack a car parked at a gas pump. The driver of the car Johnson attempted to carjack drove away so he attempted to carjack another vehicle. Johnson jumped onto the hood of the other vehicle, hit the windshield, then the defendant fled on foot. (Doc. 32; Presentence Report (PSR) SEALED, PageID151).

As the defendant fled, he was struck by a vehicle driven by an A.P.D. detective and Johnson fell to the ground. A.P.D. officers subdued the defendant; however, Johnson started kicking and screaming for the police to kill him when the officers attempted to arrest him. A struggle ensued and the defendant was eventually arrested and taken into custody. At the time of his arrest, the defendant possessed 136.6 grams of methamphetamine, 2.4 grams of fentanyl, a digital scale and $1,165.00 in U.S. currency. In addition, A.P.D. detectives recovered the firearm used by Johnson to fire at law enforcement---a Smith & Wesson .38 caliber revolver, with five spent casings and one live round.

## II. THE PLEA AGREEMENT

On June 21, 2019, Johnson and the government entered into a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and the defendant pleaded guilty to Assault on Federal Officer with a Deadly or Dangerous Weapon in violation of 18 U.S.C. § 111(a)(1), Possessing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A), Possession of a Controlled Substance with the Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and Attempted Carjacking in violation of 18 U.S.C. § 2119.

Under the terms of the written plea agreement, the government will dismiss Counts 2 and 6 of the indictment at sentencing. Count 2 charges Discharge of a Firearm During a Drug

Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii) which would have required a minimum consecutive sentence of 10 years imprisonment. Count 6 of the indictment charges Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) with a minimum consecutive sentence of 7 years imprisonment.

In the plea agreement, the parties agreed that the defendant is a career offender. The parties also agreed to request that the Court impose a specific sentence within the range of 188 to 235 months consecutive to 120 months imprisonment for Possessing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4) (aggregate range of 308 to 355 months). (Doc. 30: Plea Agreement, PageID105).

### III. DEFENDANT'S CRIMINAL HISTORY

Defendant Johnson's extensive criminal history includes offenses of violence and repeated flight from law enforcement. (Doc. 32: PSR, SEALED, PageID156). In 2001, Johnson was convicted of his first felony drug offense, Possession of Cocaine, and he was sentenced to 10 months in prison after violating his original sentence of probation. *Id.* After his release from prison, Johnson progressed to selling cocaine in 2004, was convicted of Trafficking in Cocaine and sentenced to 3 years in prison. (*Id.* PageID125). During the traffic stop relating to the Trafficking in Cocaine conviction on May 8, 2004[1], "the defendant, exited the vehicle and fled on foot." (*Id.* PageID126.)

---

[1] Four months before this offense conduct, on January 8, 2004, the defendant was told to leave an Akron residence and "[a]n officer was in the area of that incident, and when the defendant saw the officer, he ran. The defendant was eventually arrested and taken into custody." Defendant was convicted of Obstructing Official Business, a 2nd degree misdemeanor. *Id.* PageID#125.

3

In 2008, after serving two separate prison sentences for felony drug convictions, Johnson was sentenced to a 1 year prison term for Trafficking in Marijuana on January 8, 2008[2], then a 2 year prison term for Improper Discharge of a Firearm on June 21, 2008.  During the offense conduct relating to the Improper Discharge of a Firearm conviction "the defendant and [another person] discharged a firearm at or into [a residence on] Chittenden Street in Akron." (*Id*. PageID128-9).  In 2010 Johnson was sent to prison for the fourth time for 18 months for a conviction of Improper Handling of a Firearm in a Motor Vehicle after he was traveling in a vehicle on June 8, 2010, in which police found open containers of alcohol, marijuana and a loaded .45 pistol. (*Id.* PageID130).

The defendant was sent to prison for the fifth time on November 14, 2011, when Johnson was sentenced to a term of 6 years in prison for Aggravated Robbery with a Firearm Specification and Felonious Assault with a Firearm Specification.  The sentence in this state case included "3 years imprisonment on each firearm specification." (*Id.* PageID131).  The offense conduct involved a victim who "attempted to buy drugs from multiple individuals" and while he was standing outside of his vehicle, "the defendant shot him in the legs with a shotgun." (*Id.*)  Johnson was released from prison and placed on post release control in this case on May 13, 2017, less than eight months before he engaged in the offense conduct set forth in the instant federal indictment.

---

[2] Three months before this offense conduct, on October 5, 2007, the defendant ran from the police on a misdemeanor offense after he was traffic stopped.  "When the officers approached the vehicle, the defendant exited the vehicle and attempted to enter an abandoned house." (*Id.* PageID127).

## IV.  THE OFFENSE LEVEL COMPUTATION IN THE PSR

The PSR calculated the defendant's offense level, as follows:

**Count Group 1:  Possession of a Controlled Substance with Intent to Distribute**

**Base Offense Level**……………………………………………………...…………….28
21 U.S.C. § 841(a)(1) offenses correspond to USSG §2D1.1
(Counts 1 and 8: at least 350 but less than 500[3] grams of methamphetamine
has a base offense level of 28.)
**Adjusted Offense Level**……………………………………………...………...28

**Count Group 2:  Assault on Law Enforcement Officers with a Deadly Weapon**

**Base Offense Level**…………………………………………………………..…….. 14
**Specific Offense Characteristics**………………………………………..……….+2
There is a 2 level increase pursuant to USSG §2A2.2(b)(7) since the
defendant was convicted under 18 U.S.C. § 111(b).
**Adjusted Offense Level**…………………………………………………………….16

**Count Group 3:  Attempted Carjacking**

**Base Offense Level**……………………………………………………………….20
**Specific Offense Characteristics**…………………………………………………...+2
There is a 2 level increase pursuant to USSG §2B3.1(b)(5) since the
offense involved carjacking.
**Adjusted Offense Level**…………………………………………………...………...22

**Count Group 4:  Attempted Carjacking**

**Base Offense Level**…………………………………...……………..……………20
**Specific Offense Characteristics**………………………...……………..………...+2
There is a 2 level increase pursuant to USSG §2B3.1(b)(5) since the
offense involved carjacking.
**Adjusted Offense Level**………………………………..…………….…………...22

**Greater of the Adjusted Offense Levels**…………………………………...28
**Multiple Count Adjustment Increase**……………………………………….+2
**Combined Adjusted Offense Level**……………………………………….....30
**Enhancement as Career Offender** ……………………………...……………34
**Acceptance of Responsibility**……………………………………………… -3

---

[3] Defendant possessed 136.6 grams of methamphetamine at the time of his arrest on January 2, 2018, (Count 1) and he possessed 362 grams of meth in the microwave oven at the Akron Hilton Garden Inn on September 24, 2017, (Count 8) for a total of 498.6 grams of methamphetamine.

    **Total Offense Level……………………………………………………31**

    **Possession of a Firearm During a Crime of Violence**
    Since the defendant is a Career Offender convicted of a 924(c) firearm violation, pursuant to USSG §4B1.1(c)(2), the guideline range shall be the greater of (A) the guideline range that results by adding the mandatory minimum consecutive penalty required by 18 U.S.C. § 924(c) to the minimum and the maximum of the otherwise applicable guideline range determined for the counts of conviction other than the 18 U.S.C. § 924(c) count; and (B) the guideline range determined using the table in subsection (c)(3).  In this case the guideline range using the table in §4B1.1(c)(3) with Acceptance of Responsibility is 262 to 327 months.  **The otherwise applicable guideline range is 188 to 235 months plus the mandatory minimum 120-month sentence in Count 4 which results in a greater guideline range of 308 to 355 months.  Consequently, the calculated guideline range in the *PSR* is 308 to 355 months.**
    (Doc. 32: PSR, SEALED, PageID 154, 155 (emphasis added)).

The calculated applicable guideline range of 308 to 355 months is the guideline range agreed to by the parties in the plea agreement. (Doc. 30: Plea Agreement, PageID105).

    V.        <u>**GOVERNMENT'S SENTENCING POSITION**</u>

    The government believes an aggregate sentence of 355 months is appropriate based on the defendant's criminal history, the facts and circumstances in this case and Defendant's recent conduct while incarcerated.  Defendant is a career offender who was on post-release control for aggravated robbery and felonious assault with a firearm at the time he engaged in the offense conduct in this case.  Defendant Johnson not only tried to kill police officers in the instant case, he also threatened the lives of innocent civilians when he tried to carjack them during his attempt to flee from law enforcement.

    Although Johnson has served five separate terms of custody in prison he continues to reoffend.  Johnson is clearly unwilling and uninterested in living a law-abiding life and, in fact, his crimes have become more serious with age.  His first felony conviction, at age 18, was for Possession of Cocaine.  Johnson then progressed to selling cocaine, then to an involvement with weapons, then, at age 27, to aggravated robbery/felonious assault, which included shooting

someone.  Now, while on supervision for shooting someone with a shotgun, Johnson, at age 34, attempted to murder several police officers and threatened the lives of innocent bystanders.

Johnson's criminal history includes multiple drug trafficking offenses and offenses of violence.  Johnson has lived a life of drugs and violence and the evidence shows he is not motivated to change his lifestyle.  Some incarcerated individuals are remorseful for their criminal conduct and take advantage of rehabilitative programs or classes to improve themselves during their time in custody.  Johnson's current time in custody shows that he continues to make efforts to remain involved in a life of drugs and violence.

On April 28, 2019, the defendant was found in possession of synthetic cannabinoids (commonly referred to as "K2") in his cell at the Northeast Ohio Correctional Center (NEOCC). (PSR, PageID120).  In addition:

> On July 18, 2019, the defendant was involved in a fight with another inmate at NEOCC.  Video footage showed the other inmate chasing the defendant.  Another inmate started punching the defendant in the head, as the defendant attempted to run away.  The defendant was escorted for a health assessment.  At that time, the defendant was found in possession of 10 suboxone strips that he concealed inside of his mouth. The defendant suffered a laceration to the left side of his head that required two staples and a broken left jaw. *Id.*

Although he is currently in custody, Defendant's lifestyle[4] of drugs and violence continues.  An aggregate sentence of 355 months is appropriate and warranted in this case given the violent nature and circumstances of the offense, the history and characteristics of the

---

[4] In fact, Johnson's commitment to a criminal lifestyle is reflected by some of the tattoos he reported during the *PSR* interview, including:  "…a gun, "Stop Pay Me," and grenades on his stomach; guns, money…and gun shells on his chest; an ice cream cone holding a gun… guns…" *PSR* (PageID#135).  Furthermore, in the **Employment Record** section of the *PSR* it states: "The defendant reported no employment during his adult years." *Id.* PageID#137.

7

defendant, the seriousness of the offense, to promote respect for the law and to protect the public from further crimes of the defendant.

WHEREFORE, the United States respectfully submits the within Government's Sentencing Memorandum.

        Respectfully submitted,
        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Henry F. DeBaggis
      Henry F. DeBaggis (OH: 0007561)
      Aaron P. Howell (OH: 0081347)
      Assistant United States Attorneys
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113-1852
      (216) 622-3749 / (330) 761-0526
      (216) 522-7499 (facsimile)
      Henry.DeBaggis@usdoj.gov
      Aaron.Howell@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Henry F. DeBaggis
Henry F. DeBaggis
Assistant U.S. Attorney